# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MARC SCOTT SILVERBERG**                                                                 **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 2:09CV00119-WAP-DAS**

**BOYD TUNICA, INC. doing business as**
**SAM'S TOWN CASINO & GAMBLING HALL**                                                     **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the court is the motion to dismiss (# 30) of Defendant Boyd Tunica, Inc., a Mississippi Corporation, d/b/a Sam's Town ("Sam's Town), filed May 24, 2010. The motion has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

In the complaint, the plaintiff alleges he was terminated by Sam's Town on the basis of religious and race discrimination and retaliation. On December 21, 2009, the plaintiff provided his initial disclosures to Sam's Town identifying a number of documents. The plaintiff did not identify any recordings of conversations with Sam's Town employees. Later, on March 5, 2010, the plaintiff served his responses to the defendant's discovery requests. Sam's Town's discovery requests expressly sought identification and production of audio tapes and electronic recordings relevant to issues in this lawsuit. The plaintiff responded that "none" existed.

The defendant took the plaintiff's deposition on March 19, 2010. During the deposition, defense counsel asked the plaintiff whether he kept a log either regarding racial comments made by Stadler or of other events that occurred on the property of Sam's Town. The plaintiff responded that he kept notes of events on his home computer and that he had provided the information to plaintiff's counsel's paralegal, Lea Waide, on a jump drive. At this point counsel

discussed whether the jump drive had been produced. Ultimately, it was determined that it had not been produced, and plaintiff's counsel agreed to produce a copy of the information. When defense counsel requested that Ms. Waide email the copy, plaintiff's counsel explained that she was no longer employed with his firm.

Following the plaintiff's deposition, Sam's Town discovered that the plaintiff indeed had recorded conversations between himself and Sam's Town employees. And, on April 8 defense counsel wrote a letter to plaintiff's counsel regarding the recordings and the notes the plaintiff identified during his deposition and requested supplementation of the plaintiff's discovery responses. On April 14, plaintiff's counsel emailed an apology to defense counsel chalking up the omission to a "communication problem" and calling it his mistake. Then, on April 23 the plaintiff supplemented his responses to Sam's Town's discovery requests, producing 24 separate recordings. Also included in the supplemental production was a letter dated August 31, 2009, which was addressed to Ms. Waide. In the letter the plaintiff acknowledged that the subject recordings are relevant to the issues in this lawsuit and that the recordings and jump drive were being provided.

By this motion, Sam's Town charges that the plaintiff and his counsel willfully failed to timely disclose evidence relevant to the issues in this lawsuit. Specifically, Sam's Town contends the plaintiff intentionally withheld notes stored on a jump drive and recordings of meetings with Sam's Town General Manager, George Stadler, and Human Resources Director, Angela Skinner, and other employees secretly recorded prior to plaintiff's termination. The defendant charges that the plaintiff failed to produce the notes and recordings in his December 2009 initial disclosures; denied their existence and failed to disclose them in his March 5, 2010 responses to written discovery requests; and perjured himself regarding the existence of the

recordings during his March 19 deposition. Sam's Town seeks an order dismissing this case for the plaintiff's alleged "intentional withholding" of relevant information. Sam's Town alleges it has been prejudiced by having conducted discovery without full disclosure from the plaintiff and will have to expend additional time and money to defend the lawsuit.

In response to the motion, the plaintiff essentially states that the failure to produce the recordings was not intentional, but instead was the result of "mis-communication" between the plaintiff, plaintiff's counsel, and Ms. Lea Waide, regarding the existence and status of the recordings. Specifically, the plaintiff states that though the subject information was sent to Ms. Waide in August 2009, some unspecified "mis-communication" occurred between the time the information was received and the time the plaintiff propounded his responses to defendant's discovery requests.[1] Additionally, plaintiff's counsel contends that the failure to disclose the recordings in interrogatory responses was counsel's error and not the plaintiff's. Finally, the plaintiff argues that the defendant's perjury charge is without merit because during his deposition he was never specifically asked a question which required him to reveal or acknowledge the existence of the recordings.

Rule 37 is flexible, and the court has broad discretion to use as many and varied sanctions as necessary to balance out prejudice to the parties. *Guidry v. Continental Oil Co.,* 640 F.2d 523, 533 (5th Cir.1981). However, extreme sanctions such as dismissal or default judgment are remedies of last resort, and the court may apply them only in extreme circumstances where failure to comply with the court's order results from wilfulness or bad faith. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640 (1976); *Butler v. Cloud,* 104 Fed. Appx. 373, 374 (5th Cir. 2004); *Batson v. Neal Spelce Associates, Inc.,* 765 F.2d 511, 514-15

---

[1] According to the plaintiff, Ms. Waide left employment with plaintiff's counsel's firm before he served his discovery responses.

(5th Cir.1985). Further, such sanctions are proper only where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions, and they may be inappropriate in cases where neglect is attributable to an attorney rather than a client, or is due to confusion or misunderstanding. *Butler,* 104 Fed. Appx. at 374; *Batson,* 765 F.2d at 514. *Smith v. CVS Pharmacy, Inc.*, No. 09-CV-0017, 2009 WL 3678256, at *2 (W.D. La. 2009).

In support of its motion, Sam's Town relies on Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(c)(1)(C). Rule 37(b)(2)(A)(v) allows a court to dismiss the plaintiff's case for "willful violation" of a discovery order. In support of its position that dismissal is an appropriate sanction in this case, the defendant relies almost exclusively upon case law from this circuit discussing factors that must be established prior to granting the sanction of dismissal under Rule 37(b)(2)(A). However, this authority is inapposite.[2] The Fifth Circuit has articulated certain factors that must be considered prior to dismissing an action under Rule 37(b)(2)(A) as a sanction *for violating a discovery order.*[3] Accordingly, Rule 37(b)(2)(A)(v) only authorizes the court to impose the sanction of dismissal where a party has disobeyed a discovery order. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Because the defendant has failed to point

---

[2] For example, in *Chisesi v. Auto Club Family Ins. Co.*, No. 09-30826, 2010 WL 785173 at *1 (5th Cir. 2010), the district court dismissed the plaintiff's case with prejudice for failure to participate in discovery and for failure to obey discovery orders. The plaintiff had failed to comply with two orders compelling discovery, the second of which specifically warned the plaintiff that failure to comply would result in dismissal of the case.

[3] The Fifth Circuit has explained that "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *See Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). Further, the violation of the discovery order must be attributable to the client instead of the attorney. *Id.* Lastly, the violating party's misconduct "must substantially prejudice the opposing party." *Id.* However, the Court has indicated that dismissal is improper if a less drastic sanction would deter future misconduct. *Id.*

4

to a discovery order that has been violated, the motion has no merit under this section of Rule 37.

The defendant also makes passing reference to Rule 37(c)(1)(C) in support of its request for dismissal. Rule 37(c)(1)(C) provides:

> (**c**) **Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1)** *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> . . ..
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Rule 37(c)(1)(C) grants a court authority to dismiss a plaintiff's case for failure to disclose evidence as required by Rule 26(a) or (e) unless the failure to disclose is substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1)(C). In this case, the plaintiff's explanation for failing to timely disclose the subject information hardly scratches the surface of substantial justification. However, while the court finds that the plaintiff's and his counsel's actions were inexcusable, there is insufficient evidence before the court to support a finding that either acted in bad faith or that dismissal is otherwise warranted. Furthermore, the court finds that any prejudice to Sam's Town is curable because it has been in possession of the evidence for nearly three months now, and there is sufficient time prior to trial for the defendant to review and respond to the evidence. *See Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Additionally, the court believes the less harsh sanction of requiring the plaintiff and his counsel to bear those expenses reasonably associated with their negligent failure to timely disclose

5

discovery will adequately deter future discovery violations.  Therefore, it is recommended that the defendant's motion to dismiss be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 16th day of July, 2010.


/s/   David A. Sanders
 UNITED STATES MAGISTRATE JUDGE