IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARC SCOTT SILVERBERG,           )
                                 )
                                 )
           Plaintiff,            )
                                 )
vs.                              )   Case No.2:09CV119-P-S
                                 )
BOYD TUNICA, INC., A             )
Mississippi Corporation,         )
d/b/a Sam's Town Hotel and       )
Gambling Hall                    )
                                 )
           Defendant.            )

## ORDER

Before the court is Defendant Boyd Tunica, Inc.'s ("Sam's Town") emergency motion to disqualify the Law Firm of Waide and Associates, P.A. (# 55). The court, having considered the submissions of the parties[1] and after conducting a telephonic hearing on the motion on November 3,[2] is of the opinion that the motion should be denied.

In support of its motion, the defendant essentially argues that plaintiff's counsel, Jim Waide, represented and has had inappropriate ex parte contact with Kimyata Randall, a former

---

[1] During the telephonic hearing on November 3, plaintiff's counsel, Jim Waide, requested permission to supplement the record with additional exhibits, and the court granted a deadline of November 4 for supplementation. However, no additional submissions were filed with the court prior to expiration of that deadline.

[2] Courtney Tomlinson and Peyton Irby, Jr., participated on behalf of the defendant, and Jim Waide participated on behalf of the plaintiff.

human resources manager for Sam's Town. The defendant relies upon Rule 4.2 of the Mississippi Rules of Professional Conduct for the argument that Waide's ex parte contact with Randall was inappropriate because Randall was privy to Sam's Town's confidential attorney-client communications.[3]  See Def.'s Reply Brief at p. 7. Among other things, Mr. Waide responds that Randall initiated the contact with the Waide Firm because she was seeking legal representation in a separate EEOC matter filed against Sam's Town. Specifically, Waide met with Randall on or about March 2 at which time he drafted a proposed EEOC charge against Sam's Town.[4] The allegations in the EEOC charge included mainly charges that Randall felt she had been suspended because of her race and because she refused to deny that she had heard "discriminatory" remarks about the plaintiff, Marc Silverberg.

Defense counsel in a letter to Waide dated March 12 explained that Randall was no longer employed by Sam's Town and that she had been privy to "privileged communications" with counsel (Ms. Tomlinson) regarding this lawsuit.[5] Shortly after

---

[3] Rule 4.2 states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

[4] Sam's Town suspended Randall on February 25, 2010.

[5] Randall was terminated on March 9, 2010.

this, Waide noticed Randall's deposition for March 19. During the deposition on March 19, Waide questioned Randall regarding her meeting with him to initiate an EEOC claim, and Randall confirmed that the contact had taken place. Additionally, Waide asked Randall if she had ever spoken to defense counsel regarding the Silverberg lawsuit, and she responded that defense counsel had not spoken with her about the lawsuit. Central to this court's determination here is that defense counsel never challenged Randall's testimony that she had not spoken with them. During the telephonic hearing, however, Defense Counsel Courtney Tomlinson, who cross-examined Randall during her deposition, stated she had spent nearly two hours in a meeting with Randall discussing this case. When asked the reason for her failure to challenge Randall's testimony on cross-examination during her deposition, counsel responded that she did not feel that inquiry into the matter was appropriate at that time.

Ultimately, the defendant has failed to show a clear violation of Rule 4.2. At the time of Randall's contact with Waide on or about March 2, she had been suspended. Additionally, the subject of the contact was Randall's EEOC charge against Sam's Town. Even accepting defendant's argument that Randall's EEOC claim is inextricably intertwined with the instant case, the defendant still falls short of showing that Randall disclosed privileged information to Waide. As pointed out above, at the most opportune time, defense counsel failed to challenge in any

regard Randall's testimony under oath that she had not had any communications with defense counsel regarding this lawsuit. Furthermore, the record before the court fails to convince it that during Waide's limited contact with Randall, he either knew or should have known that Randall was privy to any privileged information regarding this lawsuit. It was not until defense counsel's March 12 letter that Waide was put on notice that Randall was allegedly privy to privileged information, and he had no further contact with her until her March 19 deposition. Again, during Randall's deposition, defense counsel failed to challenge in any way Randall's statement made under oath that she had never spoken with Sam's Town's lawyers about this case. Moreover, Waide has represented to the court that because Randall failed to respond to his attempts to contact her for her signature on the draft EEOC charge and on an attorney/client contract, the Waide Firm closed her file and has no intention to represent her in any matter.

Lastly, the defendant waited nearly seven months before bringing this issue before the court. At the very latest, defense counsel knew about the Waide Firm's contact with Randall on March 19, prior to the expiration of any case management order deadlines, *see* Doc. # 12. Yet, the instant "emergency" motion was not filed until October 12, after all pertinent deadlines had passed and less than five months prior to trial. Accordingly, the defendant's lack of due diligence and the attendant undue

prejudice to the plaintiff are other factors that weigh against disqualification of plaintiff's counsel in this matter.

Therefore, the court finds that the circumstances herein do not warrant attorney disqualification or any other sanction, and the motion is, therefore, **DENIED**.

SO ORDERED this the 5th day of November, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE