**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG,**                                                               **PLAINTIFF,**

**VS.**                                **CIVIL ACTION NO. 2:09CV119–P-S**

**BOYD TUNICA, INC. d/b/a SAM'S
TOWN CASINO & GAMBLING HALL,**                       **DEFENDANT.**

**ORDER**

This matter comes before the court upon the defendant's motion for summary judgment [44]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Because the plaintiff never asserted a hostile work environment claim based on racial and/or religious harassment in his Complaint, nor moved to amend his Complaint to do so, such a claim is not properly before the court at this stage in the litigation. *Cutrera v. Board of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.")(citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073 (5th Cir. 1990)). Accordingly, defendant's motion for summary judgment should be granted in that regard.

The court finds that the after-acquired evidence question raised is a question of fact for the jury as to whether the defendant would have had grounds to fire the plaintiff for making the surreptitious audio recordings based on the employee handbook.

Finally, the court finds that there are genuine issues of material fact regarding the remainder of the plaintiff's claims since those claims call for credibility determinations that are improper for this court to make.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's motion for summary judgment [44] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as it seeks dismissal of the plaintiff's hostile work environment claim asserted for the first time in response to the defendant's motion for summary judgment;

(3) Accordingly, any such hostile work environment discrimination claim is **DISMISSED WITHOUT PREJUDICE**; whereas,

(4) The motion for summary judgment is denied insofar as it seeks dismissal of the plaintiff's remaining claims.

**SO ORDERED** this the 23rd day of March, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE