**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG**                                                **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a SAM'S TOWN
CASINO & GAMBLING HALL**

**ORDER**

This cause is before the Court on the defendant's Motion in Limine Re: Stray Remarks [86]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks entry of an order prohibiting plaintiff, his counsel, and any witnesses from mentioning in voir dire, opening or closing statements or during the examination or testimony of witnesses "the stray remarks of various witnesses that are irrelevant, inflammatory, vague and ambiguous, unrelated in time and context to the employment decision at issue in this lawsuit, not made by the decision-maker." Defendant urges the Court to conclude that the remarks in question are either irrelevant, or if relevant, more prejudicial than probative and should, therefore, be found inadmissible. The Court's ruling is as follows:

As to remarks disseminating from George Stadler:

1.      Stadler's Use of the Word "Dago" and "Jews" at Company Lunch: The Court will defer ruling on the admissibility of Stadler' comments concerning "Dagos" and Jews at a company luncheon. However, the Court finds that Stadler's alleged June 18, 2008 comment regarding how to handle "Dagos" should be excluded on grounds of

relevancy; or in the alternative, on the ground that any arguable relevance is outweighed by the danger of unfair prejudice under F.R.E. 403.

2. Stadler's Alleged Statements Regarding his Church Affiliation and Joe Montana: The Court concludes that these statements should be excluded on grounds of relevance; in the alternative, the Court finds that any arguable relevance is outweighed by the likelihood of confusing the issues and/or waste of time under F.R.E. 403.

3. Stadler's Alleged Statements Regarding "Asallah" or "As Allah": The Court will defer ruling on the admissibility of these alleged remarks until the time of trial.

4. Stadler's Alleged Statements Regarding "Niggers" or Other Alleged Discriminatory Statements Against African-Americans: The Court concludes that these statements should be excluded on grounds of relevance; in the alternative, the Court finds that any arguable relevance is outweighed by the danger of unfair prejudice under F.R.E. 403.

5. Stadler's Alleged Discussion of Max Schmelling: The Court concludes that these statements should be excluded on grounds of relevance; the remarks are vague and ambiguous and cannot reasonably be considered as derogatory remarks about Jews; in the alternative, any arguable relevance is outweighed by the likelihood of confusing the issues and/or waste of time under F.R.E. 403.

6. Stadler's Alleged Remarks Regarding the "Christmas party" and Silverberg Being Asked to Play "Santa Claus": The Court will defer ruling on the admissibility of these alleged remarks until the time of trial.

7. Stadler's Alleged Remarks Regarding "Your Kind, "Fat Jewish People," and Other References: The Court will defer ruling on the admissibility of these alleged remarks until the time of trial.

Other Comments and/or Evidence

1. Larry Spencer's Alleged Comparison to Hitler and Spencer's Termination: The Court concludes that this evidence should be excluded on grounds of relevance; in the alternative, the Court concludes that any arguable relevance is outweighed by the danger of unfair prejudice, confusion of the issues and/or misleading the jury under F.R.E. 403.

2. Stadler's "German Heritage," "German/Irish Heritage" and Alleged "anti-Union Upbringing": The Court concludes that this evidence should be excluded on grounds of relevance; in the alternative, the Court concludes that any arguable relevance is outweighed by the likelihood of confusing the issues and/or waste of time under F.R.E. 403.

3. Testimony Regarding Alan Handler Being Denied a Pay Increase: Inasmuch as plaintiff has no intention of offering the evidence in question, this matter is moot.

4. Remarks of Donnie Jean Whitten: The Court will defer ruling as to the admissibility of Whitten's testimony concerning Stadler's comments regarding Jews and "Dagos" at a company luncheon and "damn stupid Jew" and "GD Jewish slug" and "stupid Jew patsy" until the time of trial. However, the Court finds that her testimony that Stadler used the phrase "d-a-m-n Ns" and the "N-word" should be excluded on grounds of relevancy; or in the alternative, on the ground that any arguable relevance

is outweighed by the danger of unfair prejudice under F.R.E. 403.

5.  Statements of Betty Ferguson Regarding Silverberg and "N" Word: The defendant's motion is not well-taken and will be denied insofar as relates to Ferguson's alleged statements that "We got to get rid of Marc Silverberg" and that they needed to "find out any scoop on Mac Silverberg." However, the Court finds that Whitten's testimony about Ferguson's use of the "n" word should be excluded on grounds of relevance; in the alternative, the Court concludes that any arguable relevance is outweighed by the danger of unfair prejudice under F.R.E. 403.

6.  Remarks of Kimyatta Randall: The Court will defer ruling as to the admissibility of Randall's testimony that she heard Stadler refer to plaintiff as a "goddamn Jewish slug" and her testimony that she was fired shortly after refusing to lie about said comment. However, the Court finds that her testimony concerning her own race discrimination claim against the defendant should be excluded on grounds of relevance; in the alternative, the Court concludes that any arguable relevance is outweighed by the danger of unfair prejudice and confusion of the issues.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion in Limine Re: Stray Remarks [86] should be, and hereby is, GRANTED IN PART and DENIED IN PART as set forth above.

SO ORDERED, this the 14th day of July, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE