**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG**                                                           **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 2:09-cv-00119(WAP)**

**BOYD TUNICA, INC., d/b/a SAM'S TOWN
CASINO & GAMBLING HALL**                                              **DEFENDANT**

**<u>DEFENDANT'S MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES</u>**

COMES NOW Defendant, Boyd Tunica, Inc. d/b/a Sam's Town Casino & Gambling Hall, by and through is attorneys of record, and respectfully requests leave of the Court to amend its Answer pursuant to FED. R. CIV. P. 16, specifically to formally and explicitly assert the affirmative defense of after-acquired evidence in the Pretrial Order and at trial. As explained below, it is Defendant's position that this issue already has been addressed by the Court, and Defendant files this Motion solely out of an abundance of caution. While it is Defendant's position that the after-acquired evidence affirmative defense already has been sufficiently asserted, without objection by Plaintiff, amendment of the pleadings as to this point also is warranted on the merits pursuant to FED. R. CIV. P. 16. In support of this Motion, Defendant would show as follows:

1.      Defendant's assertion of the after-acquired evidence affirmative defense arises in the context of approximately 17 hours of audio recordings, secretly made by Plaintiff.

2.      These recordings were not produced by Plaintiff until approximately April 23, 2010.[1] This was the day before the Court's amendment deadline.[2] The discovery deadline was July 2, 2010.[3]

---

[1] See Pacer Docket No. 29 (Notice of Service of Plaintiff's Second Supplemental Responses).
[2] See Pacer Docket No. 29 (Notice of Service of Plaintiff's Second Supplemental Responses).

3.      Defendant did not plead the after-acquired evidence affirmative defense in its April 23, 2009 Answer because at that time, Defendant did not know about the existence of the recordings.[4]  The 17 hours of recorded audio took Defendant significant amounts of time to review, transcribe and assess.

4.      Defendant raised and asserted the after-acquired evidence affirmative defense in its Motion for Summary Judgment and briefed it on the merits.[5]

5.      Plaintiff responded to Defendant's Motion for Summary Judgment by arguing on the merits against the after-acquired evidence affirmative defense.[6]  In Plaintiff's arguments against the after-acquired evidence affirmative defense, Plaintiff never raised the fact that the affirmative defense had not been formerly pled.[7]

6.      In the Court's ruling on summary judgment, in regard to Defendant's assertion of the after-acquired evidence affirmative defense, the Court held as follows:

> The court finds that the after-acquired evidence question raised is a question of fact for the jury as to whether the defendant would have had grounds to fire the plaintiff for making the surreptitious recordings based on the employee handbook.[8]

7.      The undersigned counsel and Firm entered an appearance on behalf of Defendant on April 8, 2011[9], and at that time, replaced Defendant's prior counsel.

8.      This firm assumed from the Summary Judgment briefings and the Court's ruling that the after-acquired evidence affirmative defense was an issue in the case.

---

[3] See Pacer Docket No. 12 (Case Management Order).
[4] See Pacer Docket No. 5 (Answer).
[5] See Pacer Docket Entry No. 45 at 20-21 (Memorandum in Support of Defendant's Motion for Summary Judgment).
[6] See Pacer Docket Entry No. 50 at 29-30 (Plaintiff's Brief in Opposition to Summary Judgment).
[7] See Pacer Docket Entry No. 50 at 29-30 (Plaintiff's Brief in Opposition to Summary Judgment).
[8] See Pacer Docket Entry No. 71 at 1 (Order).
[9] See Pacer Docket Entry No. 74-75 (Notices of Entry of Appearance).

9.      Plaintiff now has added objections to the Pretrial Order as to the after-acquired evidence affirmative defense on the grounds that it was not pled.

10.      While Defendant believes the after-acquired evidence affirmative defense already is an issue in this case, based on the Court's ruling[10], it files this Motion out of an abundance of caution.

11.      The District Court's ruling as to Defendant's assertion of the after-acquired evidence affirmative defense is proper under the Fifth Circuit's rulings.  Rule 8(c)(1) of the Federal Rules of Civil Procedure requires a litigant to "affirmatively state any avoidance or affirmative defense." FED.R.CIV.P. 8(c)(1).  "Generally, a party's failure to raise an affirmative defense in its first responsive pleading results in waiver." *Talbert v. American Risk Ins. Co.*, 2010 WL 5186768, *2 (5th Cir. Dec. 20, 2010) (quoting *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 860 (5th Cir. 2000)). (opinion attached)  **"However, where the matter is raised by the trial court [or the litigants and] does not result in unfair surprise, technical failure to comply precisely with Rule 8(c) is not fatal, and in such a situation a court may hold that the defense is not waived."** *Id.* . (emphasis added) **. "An affirmative defense is not waived if it is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond."** *Id.* (emphasis added).

12.      In this case, Defendant asserted the after-acquired evidence affirmative defense in its Memorandum in Support of Motion for Summary Judgment on August 17, 2010, **or ten (10) days short of a full year before trial.** [11]  As clearly reflected by the record, Plaintiff was not prejudiced in any manner in his ability to respond, and in fact briefed his argument as to why he believed the after acquired evidence affirmative defenses was inapplicable.  At that time,

---

[10] See Pacer Docket Entry No. 71 at 1 (Order).
[11] See Pacer Docket Entry No. 45 at 20-21 (Memorandum in Support of Defendant's Motion for Summary Judgment).

PD.5328335.1

Plaintiff did not raise any objection that the affirmative defense had not been pled. In light of the District Court's detailed knowledge of the record and the arguments concerning these recordings, its finding that there was no waiver and that "the after-acquired evidence question raised is a question of fact for the jury" is proper.[12]

13.     Even assuming *arguendo* that this Court had not already ruled as to Defendant's assertion of the affirmative defense, good cause exists for Defendant to be allowed to Amend its Answer pursuant to FED. R. CIV. P. 16.

14.     FED. R. CIV. P. 16 (b) governs amendment of pleadings once a scheduling order has been issued by the District Court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). Upon the movant's demonstration of good cause to modify the scheduling order, the more liberal standard of FED. R. CIVIL P. 15(a) applies to the district court's decision to grant an amendment. Pursuant to FED. R. CIVIL P. 15(a), leave to amend "shall be freely given when justice so requires" and "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). *See also Central Progressive Bank v. Fireman's Fund Ins. Co.* , 658 F.2d 377, 383 n. 15 (5th Cir. 1981) (no abuse of discretion and no prejudice in allowing supplemental answer).

15.     Good cause exists for the Court to grant leave to amend Defendant's Answer. As related above, the recordings in question were ultimately produced more than six months **after** the filing of Defendant's Answer, and on the day before the Court's amendment deadline. The delay in Defendant receiving the recordings was compounded by having to listen to and have transcribed the 17 hours of recordings to determine their relevance or import. As discussed

---

[12] See Pacer Docket Entry No. 71 at 1 (Order).

above, Plaintiff will not be surprised or prejudiced by such an amendment, in light of the extensive briefing of the issue by the parties nearly one year ago, with no objection asserted by Plaintiff.

16. Considering the nature of this Motion, Defendant requests the Court waive the requirement that a separate memorandum in support be submitted herewith.

WHEREFORE, PREMISES CONSIDERED, to the extent the Court believes this issue has not already been fully addressed by the Court's Order of March 23, 2011[13], Defendant respectfully requests leave of the Court to amend its Answer pursuant to FED. R. CIV. P. 16, specifically to formally and explicitly assert the affirmative defense of after-acquired evidence in the Pretrial Order and at trial.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:   */s/ Gary E. Friedman*
Gary E. Friedman, MB #5532
LaToya C. Merritt, MB # 100054
PHELPS DUNBAR LLP
4270 I-55 North
Jackson, Mississippi  39211-6391

Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Telecopier: (601) 360-9777

---

[13] See Pacer Docket Entry No. 71 at 1 (Order).

## CERTIFICATE OF SERVICE

I, Gary E. Friedman, do hereby certify that I have electronically filed the foregoing

*DEFENDANT'S MOTION FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES* with the

Clerk of the Court using the CM/ECF system, which sent notification for such filing to the

following counsel of record:

> James D. Waide, III
> Ronnie Lee Woodruff
> WAIDE & ASSOCIATES, P.A.
> Post Office Box 1357
> Tupelo, Mississippi 38804
> (662) 842-7324
> waide@waidelaw.com

This, the 25th day of July, 2011.

*/s/ Gary E. Friedman*
GARY E. FRIEDMAN