Westlaw

Page 1

474 F.Supp.2d 822
(Cite as: 474 F.Supp.2d 822)

**H**

United States District Court,
N.D. Mississippi,
Western Division.
Gordon Scott WHITFIELD, Plaintiff
v.
Greg HARRIS, In his individual and official capacities as Chief of Police of the City of Grenada, Carver Conley, in his individual capacity, James Fox, in his individual capacity, and City of Grenada, Mississippi, Defendants.
Civil Action No. 3:05cv63.

Feb. 20, 2007.

**Background:** In civil action, defendants filed motion in limine seeking to preclude counsel for plaintiff from referencing religion or deity in opening statements or closing arguments.

**Holding:** The District Court, Mills, J., held that counsel were barred from mentioning or referring to deity.

Motion granted in part and denied in part.

West Headnotes

**[1] Federal Civil Procedure 170A ⚖1973**

170A Federal Civil Procedure
   170AXV Trial
      170AXV(A) In General
         170Ak1970 Counsel's Conduct and Arguments
           170Ak1973 k. Statements as to Facts, Comments and Arguments. Most Cited Cases
Attempts in opening statements or closing arguments to appeal to juror's bias or to prejudice particular party, as well as statements made suggesting jurors apply "higher authority," are inappropriate.

**[2] Federal Civil Procedure 170A ⚖1973**

170A Federal Civil Procedure
   170AXV Trial
      170AXV(A) In General
         170Ak1970 Counsel's Conduct and Arguments
           170Ak1973 k. Statements as to Facts, Comments and Arguments. Most Cited Cases
Jury arguments couched in terms of Christianity, Islam, Judaism, Hinduism, or any other particular religious faith are inappropriate, especially when such appeals are made solely for one party to gain tactical advantage in argument.

**[3] Federal Civil Procedure 170A ⚖1973**

170A Federal Civil Procedure
   170AXV Trial
      170AXV(A) In General
         170Ak1970 Counsel's Conduct and Arguments
           170Ak1973 k. Statements as to Facts, Comments and Arguments. Most Cited Cases
Statements by counsel of their personal affiliation with sect, cult, or particular faith are almost always improper.

**[4] Federal Civil Procedure 170A ⚖1973**

170A Federal Civil Procedure
   170AXV Trial
      170AXV(A) In General
         170Ak1970 Counsel's Conduct and Arguments
           170Ak1973 k. Statements as to Facts, Comments and Arguments. Most Cited Cases
Governing legal standard for jury to follow in civil trial, as opposed to ecclesiastical venues, is not "law of God" as understood by any particular religion, sect, or body, but rather rule of law as set forth by legislative bodies and courts of this nation and of this state, and thus any suggestion by counsel, direct or implied, that jury might properly consider any "higher" religious law or authority is clearly contrary to law and subject to objection.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.



EXHIBIT A

Page 2

474 F.Supp.2d 822
(Cite as: 474 F.Supp.2d 822)

**[5] Federal Civil Procedure 170A ⚖1973**

170A Federal Civil Procedure
    170AXV Trial
        170AXV(A) In General
            170Ak1970 Counsel's Conduct and Arguments
                170Ak1973 k. Statements as to Facts, Comments and Arguments. Most Cited Cases

Counsel in civil action were barred from mentioning or referring in opening statements or closing arguments to any deity or from making any religious reference in such manner as could reasonably be construed to indicate that jury was to consider teachings or beliefs of deity or any religious references in addition to or to exclusion of law, or from making any reference to religious beliefs or affiliations of any party or counsel in such manner as could reasonably be construed to indicate that jury was to consider party's religious beliefs or affiliation, unless such matters were probative of issue raised at trial.

*823 Jim D. Waide, III, Luther C. Fisher, IV, Waide & Associates, PA, Stephen M. Crampton, Tupelo, MS, for Plaintiff.

Gary E. Friedman, Saundra Brown Strong, Phelps Dunbar, Jackson, MS, for Defendants.

## ORDER

MILLS, District Judge.

This cause comes before the court on defendants' motion *in limine* seeking to preclude counsel for plaintiff from "referencing religion and/or a deity in opening statements or closing arguments." Counsel for plaintiff is a highly experienced attorney who carries a significant caseload in the Northern District. It has become a routine matter in cases involving this particular counsel for opposing counsel to file a motion *in limine* similar to the one presently before the court. This court has previously found such motions to be well taken. In *Parks v. Mississippi Department of Transportation*, No. 1:04 cv240, for example, this court held:

> Religious questioning may be permitted during voir dire to establish whether a prospective juror is able to fully carry out the duties of a juror. However, religious or moral discussions during opening and closing remarks which suggest jurors apply a standard of judgment beyond what the law requires is denied ...

*Parks,* order on motion *in limine* at 1. The court assumed that this ruling would resolve the matter in future cases. This assumption proved false.

In response to the instant motion, counsel for plaintiff filed an impassioned response requesting that this court reconsider its previous ruling in *Parks*. In that response, plaintiff rather provocatively wrote that:

> God has already been booted out of the classroom, and now the defendants are attempting to boot God from the courtroom as well. God help us, every one!

In order that all parties might have the opportunity to fully express their views on this recurring issue, the court granted oral argument on this motion *in limine*. At the hearing, the parties professed a paucity of binding authority on this issue leaving the court to resolve this matter based upon its own interpretation of the law.

While the court recognizes the depth of feeling evoked by this issue, it remains convinced that it reached the proper result in *Parks*. This court's prior ruling in *Parks* can not reasonably be construed as having "booted God out of the courtroom;" to the contrary, the court merely forbade "religious or moral discussions during opening and closing remarks which suggest jurors apply a standard of judgment beyond what the law requires." This court recognized in *Parks* that certain uses of religion in a court of law are unacceptable.

[1][2][3] For instance, attempts to appeal to a juror's bias or to prejudice a particular party, as well

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

474 F.Supp.2d 822
(Cite as: 474 F.Supp.2d 822)

as statements made suggesting jurors apply a "higher authority," are inappropriate. Jury arguments couched in terms of Christianity, Islam, Judaism, Hinduism or any other particular religious faith are inappropriate, especially *824 when such appeals are made solely for one party to gain a tactical advantage in argument. Moreover, statements by counsel of their personal affiliation with a sect, cult or particular faith are almost always improper. Religious values should not be used for temporal, adversarial gain or to invoke sectarian prejudice or bias. Such tactics have no utility in an unbiased search for truth and as such are improper in the courtroom.

[4] It can scarcely be denied that the governing legal standard for a jury to follow in a civil trial, as opposed to ecclesiastical venues, is not the "law of God" as understood by any particular religion, sect or body, but rather the rule of law as set forth by the legislative bodies and courts of this nation and of this state. As such, any suggestion by counsel, direct or implied, that the jury might properly consider any "higher" religious law or authority is clearly contrary to law and subject to objection.

The notion that counsel for plaintiff might seek to make such arguments in future litigation is not merely speculative. Defendants note that in *Bruff v. North Mississippi Health Services, Inc.*, No. 1:97cv237, counsel for plaintiff argued as follows:

> I tell you something that is un-Christian. Well, first of all, what does the Bible say about confidentiality? It says man loved darkness rather than light because his deeds were evil. They didn't love confidentiality because of any legitimate policy. They loved it because they don't want us to know what is going on. They don't want us to know why they fired Sandy Bruff. They don't want to know if this lady is still coming back to counseling and they didn't lose that business.
>
> As I say, I would not try to seize the side of God or tell you God is on any side in any dispute. But I'll tell you one thing, when this Employment Handbook, right here, says they can fire you. They don't have to put this in here (pointing). They could have a policy. They could have a policy of fairness if they wanted to. They could have a policy that they will only fire people for good reason. They could have a policy that you could make more than one mistake to be fired. They could have a policy like that. But when they say in here they can fire you at will, for any reason, or no reason, that's not a Christian policy.

*Bruff* apparently involved the application of Mississippi's employment-at-will doctrine, and counsel for defendants correctly noted in oral arguments that Mississippi is an employment-at-will state. Accordingly, counsel for plaintiff's argument in *Bruff* made use of religious arguments to suggest that the jury consider some authority other than the governing law in reaching a verdict. This was clearly improper.

Counsel for defendants correctly notes that the use of jury arguments like those made in *Bruff* puts opposing counsel in the awkward position of choosing to either remain silent or object to references to God and/or Christianity. No attorney should be forced to make such objections in front of a jury.

Accordingly, the court reaffirms its holding in *Parks* that any arguments or references to religion "which suggest jurors apply a standard of judgment beyond what the law requires" are improper and will be barred. This court did not rule in *Parks,* and does not rule today, that no references to God or religion may be made in the courtroom. For example, references to religion are often proper during voir dire. Also, parables, stories or religious aphorisms may be appropriate when used in argument to promote an idea, rather than to unfairly bias or prejudice the jury or counsel.

*825 [5] It is therefore ordered that it is prohibited for any counsel to mention or refer to any deity or make any religious reference in such a manner as can reasonably be construed to indicate that the jury should consider the teachings or beliefs of the deity

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

474 F.Supp.2d 822
(Cite as: 474 F.Supp.2d 822)

or any religious references in addition to or to the exclusion of the law. Counsel are further prohibited from making any reference to the religious beliefs or affiliations of any party or counsel in such a manner as can reasonably be construed to indicate that the jury should consider the religious beliefs or affiliations of the party, unless such matters are probative of an issue raised at trial.

In light of the foregoing, it is ordered that defendant's motion *in limine* [66-1] is granted in part and denied in part, as more specifically set forth in this order.

N.D.Miss.,2007.
Whitfield v. Harris
474 F.Supp.2d 822

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.