## RESOLUTION OF JURY INSTRUCTIONS

P-1    Refused for the reasons stated in the defendant's written objection. The Court will consider an alternative instruction which corrects the deficiencies noted by defendant.

P-2    Refused; includes reference to plaintiff's retaliation claim

P-2A   Given as revised by the Court (deleted reference to retaliation claim)

P-3    Given

P-4    Refused for the reasons stated in the defendant's written objection. The Court will consider an alternative instruction which corrects the deficiencies noted by defendant.

P-5    Given

P-6    Given

P-7    Refused; the Court granted defendant's motion for judgment as a matter of law as to plaintiff's retaliation claim.

P-8    Refused; the Court granted defendant's motion for judgment as a matter of law as to plaintiff's retaliation claim.

P-9    Refused; the Court granted defendant's motion for judgment as a matter of law as to plaintiff's retaliation claim.

P-10   Refused; instruction as tendered includes reference to plaintiff's retaliation claim as to which the Court granted a motion for judgment as a matter of law

P-10A  Given as revised (removed reference to plaintiff's retaliation claim)

P-11   Given

P-12   Refused; the Court will utilize D-15 instead

P-13   Refused; reference to discrimination is overly broad and could mislead the jury

P-13A  Given as revised by the Court; substituted "discharge" for "discrimination"

P-14   Refused; duplicative of P-13A

P-15   Refused; duplicative of P-13A

P-16    Given

D-1     Refused; peremptory in nature

D-2     Refused; peremptory in nature

D-3     Refused; peremptory in nature

D-4     Refused for the reasons stated in plaintiff's written objection.  The Court will give an alternative instruction, D-4A, which eliminates the final paragraph of the instruction as originally proposed.

D-4A    Given as revised by the Court

D-5     Refused for the reasons stated in plaintiff's written objection, e.g., under Rachid, a plaintiff can prove his claim by demonstrating either "that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative).'"  The Court will consider an alternative instruction which corrects this deficiency.

D-5A Given as revised by the defendant

D-6     Refused for the reasons stated in plaintiff's written objection, e.g., under Rachid, a plaintiff can prove his claim by demonstrating either "that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative).'"  The Court will consider an alternative instruction which corrects the deficiencies noted by plaintiff.

D-6A Given as revised by the defendant

D-7     Refused; the Court granted defendant's motion for judgment as a matter of law as to plaintiff's retaliation claim.

D-8     Refused; the instruction as tendered includes reference to plaintiff's retaliation claim as to which the Court granted a motion for judgment as a matter of law

D-8A    Given as revised by the Court (eliminates reference to retaliation)

D-9     Refused for the reason stated in plaintiff's written objection; more appropriately addressed by way of closing argument

D-10   Refused; the instruction as tendered includes reference to plaintiff's retaliation claim as to which the Court granted a motion for judgment as a matter of law

D-10A Given as revised (removed reference to plaintiff's retaliation claim)

D-11   Given

D-12   Given

D-13   Given

D-14   Refused at this time; at present, there has been no evidence that plaintiff failed to mitigate damages

D-15   Given

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

MARC SCOTT SILVERBERG                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 2:09CV119-P-V

BOYD TUNICA, INC., d/b/a
SAM'S TOWN HOTEL & GAMBLING HALL                        DEFENDANT

### INSTRUCTION NO. C-3.1

Members of the Jury:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially

consider all of the evidence in the case, follow the law as stated by the court and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding on you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are two types of evidence you may consider. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of circumstances that




tend to prove or disprove the existence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Now, I have said that you must consider all of the evidence; this does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The burden is on the plaintiff in a civil action such as this to prove every essential element



of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                    **DEFENDANT**

## INSTRUCTION NO. C-2.13

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                          **PLAINTIFF**


**VERSUS**                                         **CIVIL ACTION NO. 2:09CV119-P-V**


**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                **DEFENDANT**

## INSTRUCTION NO. C-2.21

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                                **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                          **DEFENDANT**

### INSTRUCTION NO. P-16

The Court instructs the jury that the defendant, Boyd Tunica, Inc. is responsible for

discriminatory acts, if any, of George Stadler and the Tunica HR Department.



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

MARC SCOTT SILVERBERG                                          PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:09CV119-P-V

BOYD TUNICA, INC., d/b/a
SAM'S TOWN HOTEL & GAMBLING HALL                          DEFENDANT

## INSTRUCTION NO. P-6

The Court instructs the jury that a Jewish person can state claim of racial discrimination, since Jewish people were among those considered to be distinct races and hence within the protection of the statute at the time it was passed. They are not foreclosed from stating a cause of action simply because the defendants are also part of what today is considered the Caucasian race.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                              **PLAINTIFF**


**VERSUS**                                          **CIVIL ACTION NO. 2:09CV119-P-V**


**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                                **DEFENDANT**

## INSTRUCTION NO. P-13A

The Court instructs the jury that a federal statute enacted shortly after the Civil War and known as 42 U.S.C. § 1981 prohibits discrimination against an identifiable class of persons because of their ancestry or ethnic characteristics. I charge you that persons of the Jewish faith are such a protected class of persons. Therefore, I charge you that if you find, from a preponderance of the evidence, that defendant discharged plaintiff because of his ethnic characteristics; to wit, Jewish, then, in that event, defendant is liable for violating 42 U.S.C. § 1981. In other words, if plaintiff has proved, by a preponderance of the evidence, that he was discharged based on the fact that he was born Jewish, then he has proven his case under 42 U.S.C. § 1981.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                                **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**                                             **DEFENDANT**
**SAM'S TOWN HOTEL & GAMBLING HALL**

## INSTRUCTION NO. P-3

The Court instructs the jury that federal law makes it unlawful for race or religion to be a motivating factor in employment decisions. In order to prevail on a claim of race or religion discrimination, it is not necessary that plaintiff Marc Silverberg prove that race or religion was the only reason that he was terminated. It is only necessary that Mr. Silverberg prove that race or religion played a role in the defendant's decision-making process and had a determinative influence on its decision.

If you find by a preponderance of the evidence that race or religion was a motivating factor in plaintiff Marc Silverberg's termination, you must find for the plaintiff and award him appropriate damages to make him whole.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                              **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                          **DEFENDANT**

## INSTRUCTION NO. P-2A

The Court instructs the jury that there are generally two types of evidence from which a jury may properly find the facts of any case. One is direct evidence such as an admission. The other is indirect or circumstantial evidence, which means that a chain of circumstances points to the existence of certain facts. The law makes no distinction between direct and circumstantial evidence. Each type of evidence has equal value in the eyes of the law. The law simply requires a jury to find the facts from all the evidence in the case, whether the evidence is direct or circumstantial.

The Court further instructs the jury that race and religion discrimination can rarely be proven by direct evidence. It is seldom that an employer admits to discrimination. In order to prevail, Marc Silverberg need not prove that defendant ever admitted that he was discriminated against. Rather, to prevail, Mr. Silverberg is entitled to rely upon circumstantial evidence and any reasonable inference that the jury may draw from that evidence.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                        **DEFENDANT**

## INSTRUCTION NO. D-4A

Plaintiff Marc Silverberg claims his former employer, defendant Boyd Tunica, Incorporated, discriminated against him on the basis of his Jewish religion by terminating his employment as the Director of the Food and Beverage Department at the Sam's Town Hotel and Gambling Hall in Tunica, Mississippi. Defendant Sam's Town denies plaintiff's claims and contends plaintiff's religion played no role in the employment decision, and it was instead based on plaintiff's continued and uncorrected poor job performance.

It is unlawful for an employer to discriminate against an employee because of an employee's religion. To prove unlawful discrimination, plaintiff must prove by a preponderance of the evidence that defendant intentionally discriminated against plaintiff because of his religion when his employment was terminated. Plaintiff does not have to prove that unlawful discrimination was the only reason defendant terminated his employment, but must prove his religion was a motivating factor in the decision.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

MARC SCOTT SILVERBERG                                       PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 2:09CV119-P-V

BOYD TUNICA, INC., d/b/a                                    DEFENDANT
SAM'S TOWN HOTEL & GAMBLING HALL

## INSTRUCTION NO. D-6A

In addition to his claim of religious discrimination, plaintiff also is asserting a claim of race discrimination on the same basis of him being Jewish. To prevail on his claim of race discrimination, plaintiff must prove that he was subjected to intentional discrimination based on the fact that he was born a Jew, rather than solely based on his religion. In other words, the fact that plaintiff is of the Jewish faith or Jewish religion, as opposed to Christianity, Buddhism or Islam, is not enough to prove his race discrimination claim.

Even if plaintiff can prove that he was born a Jew, he still bears the burden of proving by a preponderance of the evidence that the defendant's reasons is not true, but is instead a pretext for discrimination or that the defendant's reasons, while true, is only one of the reasons for its conduct and another "motivating factor" is the plaintiff's Jewish heritage. If plaintiff cannot meet this burden, you must find for the defendant.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**MARC SCOTT SILVERBERG**                                                **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                              **DEFENDANT**

### <u>INSTRUCTION NO. D-5A</u>

In this case, defendant contends its legitimate, non-discriminatory reason for terminating plaintiff was his continued and uncorrected poor job performance. Poor job performance and failure to correct such poor job performance are legitimate non-discriminatory reasons for terminating an employee's employment.

To prevail on his claim of religious discrimination, plaintiff solely bears the burden of proving by a preponderance of the evidence that the defendant's reason is not true, but is instead a pretext for discrimination or that the defendant's reason, while true, is only one of the reasons for its conduct and another "motivating factor" is the plaintiff's Jewish heritage. If plaintiff cannot meet this burden, you must find for the defendant.



14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARC SCOTT SILVERBERG                                      PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 2:09CV119-P-V

BOYD TUNICA, INC., d/b/a
SAM'S TOWN HOTEL & GAMBLING HALL                          DEFENDANT

### INSTRUCTION NO. D-8A

This trial is not to be used as a vehicle for second guessing employment decisions and it is not intended to transform courts or juries into personnel managers. You are not to substitute your judgment for defendant so long as the employment decision was not discriminatory. The law does not protect employees from incorrect personnel decisions or decisions based on mistakes. The law protects employees only from decisions which are unlawfully motivated and the result of intentional discrimination.

You may not return a verdict in favor of the plaintiff just because you might disagree with the defendant's employment decisions or believe them to be harsh or unreasonable. In this case, you are not being asked to decide the wisdom of defendant's decisions regarding the plaintiff, or whether you agree or disagree with its decisions, employment practices, or whether you feel the plaintiff was treated unfairly. Even if you conclude that the facts relied upon by the defendant were wrong or based on mistaken information, their actions were not unlawful as long as they did not intentionally discriminate against plaintiff because of his religion or race.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**                                    **DEFENDANT**
**SAM'S TOWN HOTEL & GAMBLING HALL**

## INSTRUCTION NO. P-5

The Court instructs the jury that if it rejects the reasons given by the defendant for firing plaintiff Marc Silverberg and believes those reasons were not the real reasons, the jury is permitted to infer that the real reason was intentional discrimination, and no additional proof of discrimination is required. You may infer the ultimate fact of discrimination from the falsity of the defendant's explanation.

Discrimination may be proved either by (1) proving defendant's reasons for termination were false or (2) proving race/religion was a motivating factor.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                    **PLAINTIFF**


**VERSUS**                              **CIVIL ACTION NO. 2:09CV119-P-V**


**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                    **DEFENDANT**

## INSTRUCTION NO. D-10A

If you find plaintiff's religion or race was a motivating factor in defendant's decision to terminate plaintiff's employment, even though other considerations were factors in the decision, then you must determine whether defendant proved by a preponderance of the evidence it would have made the same decision even if defendant had not considered plaintiff's religion or race.

If you find defendant would have made the same decision to terminate plaintiff, you may not award plaintiff damages.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

MARC SCOTT SILVERBERG                                      **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 2:09CV119-P-V**

BOYD TUNICA, INC., d/b/a                                   **DEFENDANT**
SAM'S TOWN HOTEL & GAMBLING HALL

## INSTRUCTION NO. D-11

Defendant contends that it would have made the same decision to terminate plaintiff's employment because of conduct that it discovered after it made the employment decision to terminate plaintiff. This is called after-acquired evidence. Specifically, defendant claims that when it became aware of plaintiff's violations of company policies, by secretly tape recording other employee's conversations, it would have made the decision to terminate plaintiff's employment at that point had it not been made previously.

If defendant proves by a preponderance of the evidence that defendant would have made the same decision and would have discharged plaintiff because of plaintiff's violations of company policies, including plaintiff's secret tape recording of other employee's conversations, you should limit any award of back pay to the date defendant would have made the decision to discharge plaintiff as a result of this after-acquired information.

If defendant proves by a preponderance of the evidence that it would have made the same decision and would have discharged plaintiff because of plaintiff's violations of company policies, then you may not award plaintiff any amount for wages that would have been received from



defendant after defendant received notice of plaintiff's tape recordings.

19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                    **DEFENDANT**

## INSTRUCTION NO. D-12

If you find the plaintiff has proven any of his claims against the defendant by a preponderance of the evidence, you must determine the damages–in other words, money–if any, to which plaintiff may be entitled.

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable or not. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from defendant.

I am going to give you instructions about economic damages. The purpose of awarding economic damages is to restore a victim of discrimination to the position he would have been in "but for" the intervening discrimination of an employer. You may consider only those losses caused by the discriminatory conduct of the employer.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                   **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a
SAM'S TOWN HOTEL & GAMBLING HALL**                         **DEFENDANT**

## INSTRUCTION NO. P-11

The Court instructs the jury that if you find for the plaintiff Marc Silverberg, your calculation of damages should be reasonable and supported by evidence presented in the record. It is not, however, necessary that the amount be exact or certain. Unrealistic exactitude is not required. Further, all uncertainties should be resolved against the discriminating employer.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                        **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                          **DEFENDANT**

### INSTRUCTION NO. P-10A

If you return a verdict in favor of Marc Silverberg on his claims of discrimination, then it will be your duty to award Mr. Silverberg actual damages.

The purpose of actual damages is to make Marc Silverberg whole; that is, to compensate him for the actual damages he has suffered. Damages include the following elements: (1) lost wages and benefits; and (2) compensatory damages for emotional pain, suffering, inconvenience, mental anxiety, humiliation, shame, loss of self-esteem, fear, embarrassment, depression and injury to reputation or professional standing.





# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                          **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**              **DEFENDANT**

## INSTRUCTION NO. D-13

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole–that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.



You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

The purpose of economic damages is to reasonably compensate plaintiff for any lost wages or benefits that he proves he would have received, had he not been discriminated against, from the date of his discharge to that date of trial. This is called "back pay." You must not award back pay damages more than once for the same time period. A plaintiff is only entitled to be made whole once, and may not recover more than he has lost. An award of back pay may not be based on speculation or sympathy or be awarded to punish a defendant.

Lost wages should be calculated based upon plaintiff's salary at the time of his discharge, rather than upon projections of possible salary increases, unless you can determine with reasonable certainty what his salary increases would have been.

Back pay may include losses he suffered because he no longer had fringe benefits that defendant offered. However, as to any insurance and other similar benefit that he no longer had after his discharge, plaintiff can only recover the expenses he actually incurred either from buying replacement coverage or from having to pay for losses that a benefit provided by defendant would have paid.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                          **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**              **DEFENDANT**

## <u>INSTRUCTION C-15.14A</u>

You must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost.



15

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARC SCOTT SILVERBERG                                         PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 2:09CV119-P-V

BOYD TUNICA, INC., d/b/a
SAM'S TOWN HOTEL & GAMBLING HALL                    DEFENDANT

### INSTRUCTION NO. C-2.11

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges–judges of the facts. Your sole interest is to seek the truth from the evidence in the case.



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG**                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a
SAM'S TOWN HOTEL & GAMBLING HALL**                **DEFENDANT**

### INSTRUCTION C-2.11(A)

Upon retiring to the jury room you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

[Explain Verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreman or forewoman and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having your returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

MARC SCOTT SILVERBERG                                   PLAINTIFF

VERSUS                              CIVIL ACTION NO. 2:09CV119-P-V

BOYD TUNICA, INC., d/b/a                                 DEFENDANT
SAM'S TOWN HOTEL & GAMBLING HALL

## INSTRUCTION NO. D-15

By your verdict you have awarded the plaintiff the compensatory damages. You also may award punitive damages, if the plaintiff has proved that the defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when one acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct, and to deter the defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages,

so punitive damages should be awarded only if a defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of a defendant in fixing the amount of punitive damages.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                    **PLAINTIFF**


**VERSUS**                                    **CIVIL ACTION NO. 2:09CV119-P-V**


**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                **DEFENDANT**

## INSTRUCTION NO. P-1

The Court instructs the jury that the plaintiff Marc Silverberg has filed claims against

defendant Sam's Town under the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Title VII and §

1981 prohibit discrimination because of a persona's race/religion, and prohibit retaliation against a

person who complains about discrimination. Mr. Silverberg claims he was discriminated against

because of his race/religion, and terminated from his position with defendant, at least in part, because

of his race/religion or because he complained about the discrimination.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                              **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                       **DEFENDANT**

## INSTRUCTION NO. P-2

The Court instructs the jury that there are generally two types of evidence from which a jury may properly find the facts of any case. One is direct evidence such as an admission. The other is indirect or circumstantial evidence, which means that a chain of circumstances points to the existence of certain facts. The law makes no distinction between direct and circumstantial evidence. Each type of evidence has equal value in the eyes of the law. The law simply requires a jury to find the facts from all the evidence in the case, whether the evidence is direct or circumstantial.

The Court further instructs the jury that race/religion discrimination and retaliation can rarely be proven by direct evidence. It is seldom that an employer admits to discrimination or retaliation. In order to prevail, Marc Silverberg need not prove that defendant ever admitted that he was discriminated or retaliated against. Rather, to prevail, Mr. Silverberg is entitled to rely upon circumstantial evidence and any reasonable inference that the jury may draw from that evidence.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

MARC SCOTT SILVERBERG                                   PLAINTIFF


VERSUS                                   CIVIL ACTION NO. 2:09CV119-P-V


BOYD TUNICA, INC., d/b/a
SAM'S TOWN HOTEL & GAMBLING HALL                       DEFENDANT

## INSTRUCTION NO. P-4

The Court instructs the jury that a plaintiff may establish circumstantial evidence of intentional discrimination by demonstrating that a defendant's articulated reason for termination was pretextual. A pretextual reason is one that is not the real reason. In determining whether a reason is pretextual, you are to use your own common sense and good judgment.

Defendant claims that it fired plaintiff Marc Silverberg because of poor job performance.

It is your duty to decide whether there was discrimination in this case, bearing in mind that you, as jurors, are to make the determination of who is telling the truth and of drawing reasonable inferences from the facts. If you believe that defendant's articulated reason for Mr. Silverberg's termination is pretext, you must find for the plaintiff Marc Silverberg and award him damages.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                                **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                            **DEFENDANT**

## INSTRUCTION NO. P-7

The Court instructs the jury that the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) provides:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . ."

Therefore, pursuant to Title VII and 42 U.S.C. § 1981, an employer is prohibited from retaliating against an employee who complains about discrimination. If a motivating factor in the decision to fire Marc Silverberg was his complaint about discrimination, then defendant is liable even if other factors also motivated the decision to fire Silverberg.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**                    **DEFENDANT**

## INSTRUCTION NO. P-8

The Court instructs the jury that a plaintiff may establish circumstantial evidence of retaliation by demonstrating that a defendant's articulated reason for termination was pretextual.

Defendant claims that it fired plaintiff Marc Silverberg because of poor job performance.

It is your duty to decide whether there was retaliation in this case, bearing in mind that you, as jurors, are to make the determination of who is telling the truth and of drawing reasonable inferences from the facts. If you believe that defendant's articulated reason for Mr. Silverberg's termination is pretext, you must find for the plaintiff Marc Silverberg and award him damages.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a
SAM'S TOWN HOTEL & GAMBLING HALL**  **DEFENDANT**

### INSTRUCTION NO. P-9

The Court instructs the jury that if it rejects the reasons given by the defendant for firing plaintiff Marc Silverberg and believes those reasons were not the real reasons, the jury is permitted to infer that the real reason was retaliation, and no additional proof of retaliation is required. You may infer the ultimate fact of retaliation from the falsity of the defendant's explanation.

Retaliation may be proved either by (1) proving defendant's reasons were false or (2) proving retaliation was a motivating factor.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                          **PLAINTIFF**

**VERSUS**                                          **NO. 2:09cv119-WAP-JMV**

**BOYD TUNICA, INC., D/B/A**
**SAM'S TOWN HOTEL & GAMBLING HALL**                **DEFENDANT**

---

### INSTRUCTION P-10

---

If you return a verdict in favor of Marc Silverberg on his claims of discrimination or retaliation, then it will be your duty to award Mr. Silverberg actual damages.

The purpose of actual damages is to make Marc Silverberg whole; that is, to compensate him for the actual damages he has suffered. Damages include the following elements: (1) lost wages and benefits; and (2) compensatory damages for emotional pain, suffering, inconvenience, mental anxiety, humiliation, shame, loss of self-esteem, fear, embarrassment, depression and injury to reputation or professional standing.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**MARC SCOTT SILVERBERG**                                          **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:09CV119-P-V**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN HOTEL & GAMBLING HALL**               **DEFENDANT**

### INSTRUCTION NO. P-12

The Court instructs the jury that punitive damages are added damages awarded for the public service of bringing a wrongdoer to account, and in making an example of one to deter others from repeating the same act. Such awards punish and compel the wrongdoer to have due and proper regard for the rights of the public. Such damages may be awarded not only for willful and intentional wrongs, but also for gross and reckless negligence, which in the eyes of the law is the equivalent of a willful wrong.

In assessing the amount of punitive damages, if any, to be assessed against the defendant, you may consider the following factors: (1) the amount necessary to punish the wrongdoer for his actions; (2) the amount necessary to deter a wrongdoer from engaging in such conduct in the future; (3) the amount necessary to deter others from engaging in such conduct in the future by making an example of the wrongdoer; (4) the amount necessary to award the injured party from bringing the suit, thereby protecting the public from future wrongdoing; and (5) the wrongdoer's financial net worth.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**MARC SCOTT SILVERBERG**                                           **PLAINTIFF**

**VERSUS**                                                 **NO. 2:09cv119-WAP-JMV**

**BOYD TUNICA, INC., D/B/A
SAM'S TOWN HOTEL & GAMBLING HALL**                 **DEFENDANT**

---

### INSTRUCTION P-13

---

The Court instructs the jury that a federal statute enacted shortly after the Civil War and known as 42 U.S.C. § 1981 prohibits discrimination against an identifiable class of persons because of their ancestry or ethnic characteristics. I charge you that persons of the Jewish faith are such a protected class of persons. Therefore, I charge you that if you find, from a preponderance of the evidence, that Defendant discriminated against Plaintiff because of his ethnic characteristics; to wit, Jewish, then, in that event, Defendant is liable for violating 42 U.S.C. § 1981. In other words, if Plaintiff has proved, by a preponderance of the evidence, that he was discriminated against based on the fact that he was born Jewish, then he has proven his case under 42 U.S.C. § 1981.



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARC SCOTT SILVERBERG                                    PLAINTIFF

VERSUS                                          NO. 2:09cv119-WAP-JMV

BOYD TUNICA, INC., D/B/A
SAM'S TOWN HOTEL & GAMBLING HALL                  DEFENDANT

---

## INSTRUCTION P-14

---

The Court instructs the jury that, in today's society, many persons do not regard persons of the Jewish faith as a separate race. However, I charge you, as a matter of law, that for purposes of the civil rights statute, under which this suit is brought, persons of the Jewish faith are considered a separate, distinct race. Therefore, I charge you that if you find, from a preponderance of the evidence, that Defendant discriminated against Plaintiff because of his Jewish heritage or because he of is the Jewish ethnic group or Jewish "race," then, in that event, Defendant violated a federal statute, 42 U.S.C. § 1981. It would be a violation of your sworn duty to find in favor of Defendant because you personally do not consider persons of the Jewish faith to be a separate race.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                     **PLAINTIFF**

**VERSUS**                                              **NO. 2:09cv119-WAP-JMV**

**BOYD TUNICA, INC., D/B/A**
**SAM'S TOWN HOTEL & GAMBLING HALL**                     **DEFENDANT**

---

## INSTRUCTION P-15

---

The Court instructs you that Plaintiff is of Hebrew Jewish decent, primarily associated with the nation of Israel.  Therefore, I charge you that Plaintiff is a person protected against discrimination by a federal statute, 42 U.S.C. § 1981.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG**                                          **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a
SAM'S TOWN CASINO & GAMBLING HALL**

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

The Court instructs the jury to return a verdict in favor of Defendant as to Plaintiff's claim of religious discrimination.

PD.5293972.1



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**MARC SCOTT SILVERBERG**                                    **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN CASINO & GAMBLING HALL**

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

The Court instructs the jury to return a verdict in favor of Defendant as to Plaintiff's

claim of race discrimination.

PD.5293972.1



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG**                                          **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a
SAM'S TOWN CASINO & GAMBLING HALL**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

The Court instructs the jury to return a verdict in favor of Defendant as to Plaintiff's claim of retaliation.



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                              **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN CASINO & GAMBLING HALL**

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### (Title VII Religious Discrimination)

Plaintiff Marc Silverburg claims his former employer, Defendant Boyd Tunica, Incorporated, discriminated against him on the basis of his Jewish religion by terminating his employment as the Director of the Food and Beverage Department at the Sam's Town Hotel and Gambling Hall in Tunica, Mississippi. Defendant Sam's Town denies Plaintiff's claims and contends Plaintiff's religion played no role in the employment decision, and it was instead based on Plaintiff's continued and uncorrected poor job performance.

It is unlawful for an employer to discriminate against an employee because of an employee's religion. To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant intentionally discriminated against Plaintiff because of his religion when his employment was terminated. Plaintiff does not have to prove that unlawful discrimination was the only reason Defendant terminated his employment, but must prove his religion was a motivating factor in the decision.

As you decide this issue, it is important to remember that it is not Defendant's responsibility to prove that religion did not motivate its decision to terminate Plaintiff's employment. Instead, at all times, it remains Plaintiff's ultimate burden to prove by a preponderance of the evidence, if he can, that Defendant intentionally discriminated against him because of his religion. If Plaintiff fails to carry his burden of proof, you must find in favor of Defendant.

PD.5293972.1



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG**                                        **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a
SAM'S TOWN CASINO & GAMBLING HALL**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

**(Title VII Religious Discrimination)**

In this case, Defendant contends its legitimate, non-discriminatory reason for terminating Plaintiff was his continued and uncorrected poor job performance. Poor job performance and failure to correct such poor job performance are legitimate non-discriminatory reasons for terminating an employee's employment.

To prevail on his claim of religious discrimination, Plaintiff solely bears the burden of proving by a preponderance of the evidence that the reasons offered by Defendant for terminating his employment were not the true reasons, but were instead a pretext or false reasons offered to cover up religious discrimination. If Plaintiff cannot meet this burden, you must find for the Defendant.



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG**                                                        **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a
SAM'S TOWN CASINO & GAMBLING HALL**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

**(Section 1981 Race Discrimination)**

In addition to his claim of religious discrimination, Plaintiff also is asserting a claim of race discrimination on the same basis of him being Jewish.   To prevail on his claim of race discrimination, Plaintiff must prove that he was subjected to intentional discrimination based on the fact that he was born a Jew, rather than solely based on his religion.   In other words, the fact that Plaintiff is of the Jewish faith or Jewish religion, as opposed to Christianity, Buddhism or Islam, is not enough to prove his race discrimination claim.

Even if Plaintiff can prove that he was born a Jew, he still bears the burden of proving that Defendant's reason for terminating his employment because of poor job performance is pretextual, or a false reason to cover up race discrimination.  If Plaintiff cannot meet this burden, you must find for the Defendant.

PD.5293972.1



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**MARC SCOTT SILVERBERG**                                         **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN CASINO & GAMBLING HALL**

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

### (Title VII /Section 1981 Retaliation)

Plaintiff claims he was retaliated against and terminated for engaging in activity protected under federal anti-discrimination statutes by allegedly complaining to Defendant about alleged religious and/or race discrimination against him by a supervisor. Defendant denies Plaintiff's claims and contends that Defendant was lawfully and properly terminated from his position because of Plaintiff's continued and uncorrected poor job performance.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by federal anti-discrimination statutes. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that he was terminated because he engaged in protected activity. Protected activity includes opposing an employment practice that is unlawful, making a formal written charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under federal anti-discrimination statutes. If the claim is for opposing an employment practice, Plaintiff must prove that he had at least a reasonable belief that the practice was unlawful.

A key element that Plaintiff must prove is of a causal connection between the alleged protected activity he engaged in and the decision by Defendant to terminate his employment. In other words, he must prove that his alleged complaints about discrimination caused his termination. If you find from the evidence that Plaintiff did not make any complaints to Defendant until <u>after</u> he had already been terminated, you must find for the Defendant.

Plaintiff does not have to prove that unlawful retaliation was the sole reason Defendant terminated his employment, but must prove it was a motivating factor in the decision. To prevail

on his claim of religious discrimination, Plaintiff solely bears the burden of proving by a preponderance of the evidence that the reasons offered by Defendant for terminating his employment were not the true reasons, but were instead a pretext or false reasons offered to cover up unlawful retaliation.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MARC SCOTT SILVERBERG**                                                      **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a
SAM'S TOWN CASINO & GAMBLING HALL**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

**(Subjective Belief)**

Plaintiff's or another person's subjective belief that Plaintiff was discharged because of his religion or race or because he allegedly engaged in protected activity is not enough to prove that Plaintiff was discriminated or retaliated against. An employee's self serving generalized testimony stating a subjective belief that discrimination occurred is simply insufficient to support a jury verdict in plaintiff's favor.

PD.5293972.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**MARC SCOTT SILVERBERG**                                              **PLAINTIFF**

**VS.**                                      **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN CASINO & GAMBLING HALL**

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

(Mixed Motive Affirmative Defense)

If you find Plaintiff's religion, race or exercise of protected activity was a motivating factor in Defendant's decision to terminate Plaintiff's employment, even though other considerations were factors in the decision, then you must determine whether Defendant proved by a preponderance of the evidence it would have made the same decision even if Defendant had not considered Plaintiff's religion, race or exercise of protected activity.

If you find Defendant would have made the same decision to terminate Plaintiff, you may not award Plaintiff damages.

PD.5293972.1



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**MARC SCOTT SILVERBERG**                                        **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.: 2:09CV00119(WAP)(JMV)**

**BOYD TUNICA, INC., d/b/a**
**SAM'S TOWN CASINO & GAMBLING HALL**

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

(Mitigation of Damages)

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, for example, by obtaining other employment, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

If you determine that Plaintiff is entitled to lost economic damages, you must reduce the loss by the amount of Plaintiff's interim earnings – that is, earnings from any employment or self-employment or compensation that Plaintiff received from the date of his discharge until today.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.

The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied its burden of proving that the Plaintiff's conduct was not reasonable.

PD.5293972.1                                    - 27 -



Refused

## Plaintiff Proposed Instruction

The Court instructs the
jury that Discrimination because one
is Jewish constitutes discrimination
on grounds of both race and religion.